IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Tyniese Hickman,

        Plaintiff,

v.                                                                  Case No. 07-2101-JWL

Burlington Coat Factory of Kansas, LLC;
Brenda K. Beach; and Nicholas L. Bross,

        Defendants.

## MEMORANDUM AND ORDER

Defendant Burlington Coat Factory of Kansas, LLC (hereinafter BCF) operates a store in Olathe, Kansas and defendants Brenda K. Beach and Nicholas L. Bross, at all relevant times, were employed by BCF at its Olathe location.[1]  In February 2005, plaintiff, an African-American female, visited BCF for the purpose of purchasing goods.  According to plaintiff, defendants Beach and Bross placed plaintiff under surveillance during her visit, unlawfully detained her at the store, accused her of shoplifting and subsequently caused her to be prosecuted for theft.

Plaintiff filed suit in state court asserting a claim of civil conspiracy pursuant to 42 U.S.C. § 1985 as well as state law claims of false imprisonment, malicious prosecution, intentional infliction of emotional distress and negligent hiring, supervision and retention.  Defendant BCF removed the case to federal court.  BCF and defendant Bross now move to dismiss plaintiff's

---

[1]The record does not reflect that defendant Brenda K. Beach has been served and no responsive pleading has been filed on behalf of defendant Beach.

complaint.[2] In response to the motions, plaintiff has filed a motion for leave to file an amended complaint. As will be explained, the motions to dismiss are granted in part and plaintiff's motion for leave to file an amended complaint is denied.

*Section 1985(3) Claim*

In her initial complaint, plaintiff asserts a civil conspiracy claim under 42 U.S.C. § 1985(3), alleging generally that defendants conspired to deprive plaintiff equal protection under the laws of the United States. Because § 1985(3) is not intended to serve as a "general federal tort law," *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971), it does not itself create any substantive rights but rather merely serves as a vehicle for vindicating some otherwise defined federal right, *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376 (1979). Thus, in order to state a claim for a private conspiracy under the "equal protection" clause of § 1985(3), the plaintiff must allege, inter alia, that the conspiracy was: (1) motivated by a class-based invidiously discriminatory animus; and (2) "aimed at interfering with rights that are protected against private, as well as official, encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) (quotations omitted); *accord Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). To date, the Supreme Court has recognized only two rights

---

[2]As plaintiff filed her case in state court, her "complaint" is labeled as a "petition." Nonetheless, the court uses the term "complaint" here as defendants have removed the case to federal court and the federal rules and relevant case law use the term "complaint" rather than "petition."

2

that are protected against private action under § 1985(3): the right to be free from involuntary servitude and the right of interstate travel in the context of the Thirteenth Amendment. *Bray*, 506 U.S. at 278; *Tilton*, 6 F.3d at 686-87.

In this case, plaintiff alleges that defendants' actions were motivated by animus based on plaintiff's race and defendants do not contest that the allegations in plaintiff's complaint satisfy the first element of class-based invidiously discriminatory animus. Nonetheless, defendants contend that dismissal of the claim is warranted because plaintiff's allegations are insufficient to satisfy the second element, i.e., that defendants' actions were aimed at interfering with rights that are federally protected from private action.[3] In that regard, defendants move to dismiss the initial complaint because plaintiff has not identified any specific federal right that defendants allegedly conspired to violate. Apparently conceding this deficiency, plaintiff alleges in her proposed amended complaint that defendants conspired to deprive plaintiff of her "right to be free of discrimination in public accommodations as guaranteed by 42 U.S.C. § 2000a."

As defendants highlight, however, plaintiff's proposed amended complaint fails to set forth any allegations that might establish that BCF is a public accommodation and BCF, as a retail store, is simply not a "public accommodation" within the meaning of 42 U.S.C. § 2000a. *See, e.g., Brackens v. Big Lots, Inc.*, 2007 WL 208750, at *2-3 (W.D. Tex. Jan. 24, 2007) (retail

---

[3]Defendants also move to dismiss this claim based on the "intracorporate conspiracy doctrine," but concede that the Tenth Circuit has rejected the application of the doctrine in the civil rights context. *See Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1127 (10th Cir. 1994). In any event, because plaintiff's claim is otherwise subject to dismissal, the court declines to address this argument.

establishments in and of themselves not covered by Title II) (collecting cases); *Gaines v. Nordstrom, Inc.*, 2006 WL 2711779, at *6 n.1 (D. Or. Sept. 19, 2006 ("Courts have consistently held that retail stores such as Nordstrom are not 'places of public accommodation' and thus are not subject to liability under Title II.") (collecting cases); *see also Watson v. Fraternal Order of Eagles*, 915 F.2d 235, 240 (6th Cir. 1990) ("A department store, for example, is not directly covered by Title II but would be amenable to suit under § 1981."). Plaintiff's civil conspiracy claim, then, cannot be premised on 42 U.S.C. § 2000a.[4] Moreover, plaintiff has failed to identify any other specific federal right that defendants allegedly conspired to violate. For these reasons, defendants' motions to dismiss plaintiff's conspiracy claim are granted and, because her proposed amendment is futile, plaintiff's motion for leave to amend her complaint is denied. *See Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) (district court may deny leave to amend if the complaint, as amended, would be subject to dismissal).

*State Law Claims*

Because the court finds dismissal appropriate with respect to plaintiff's claim arising under federal law, and mindful that discovery has not yet begun in this case, the court declines to exercise its discretion to address the merits of plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3); *Tal v. Hogan*, 453 F.3d 1244, 1270-71 (10th Cir. 2006) (where district court dismissed federal claims, it "was not required to consider either the merits or the

---

[4] The court declines to consider sua sponte whether any other civil rights statute might support plaintiff's conspiracy claim or form the basis of a separate claim.

4

procedural issues attendant to the state law claims"); *Tonkovich v. Kansas Bd. of Regents*, 254 F.3d 941, 945 (10th Cir. 2001) (noting that considerations of judicial economy, convenience, and fairness do not favor retaining jurisdiction where there has been a relative lack of pretrial proceedings and a total absence of discovery); *Smith v. City of Enid*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims."). The court, then, remands the case to state court.[5]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motions to dismiss (docs. 7 and 9) are **granted in part**. Specifically, the motion is granted with respect to the sole federal claim alleged by plaintiff and the court **remands** plaintiff's remaining claims to state court. Plaintiff's motion for leave to file an amended complaint (doc. 11) is **denied.**

**IT IS FURTHER ORDERED BY THE COURT THAT** this case is remanded to the District Court of Johnson County, Kansas. The clerk shall mail a certified copy of this order to the clerk of the state court.

**IT IS SO ORDERED.**

---

[5] In the motion practice before this court, plaintiff has conceded that certain claims in her state court petition are barred by the applicable statute of limitations and has abandoned those claims in her proposed amended complaint. The court, then, expects that plaintiff, upon remand to state court, will amend her petition accordingly.

5

Dated this 24th day of May, 2007, at Kansas City, Kansas.

                                                  s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge